UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VINCENT CORDOVANO,

                        Plaintiff,

v.                                                Civil Action No. _____

GC SERVICES LIMITED PARTNERSHIP,

                        Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Vincent Cordovano is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services Limited Partnership, (hereinafter "GC") is a corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to Capital One. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Capital One to collect on the subject debt.

13. That in or about November of 2008, Defendant GC began calling Plaintiff multiple times per week, and often multiple times per day in an attempt to collect on the subject debt.

14. That during one of the aforementioned telephone calls Plaintiff explained he was on Social Security and could not make a payment on the subject debt. Defendant responded that if payment could not be arranged, the matter would be turned over for legal action.

15. That at no time did Defendant posses the intent or authority from Capital One to pursue legal action against Plaintiff.

16. That Plaintiff has repeatedly asked Defendant to stop further calls to his telephone.

17. That despite Plaintiff's instruction, Defendant GC has continued to call Plaintiff.

18. That Plaintiff asked Defendant to provide him notice of the subject debt.

19. That at no time has Plaintiff received notice of the subject debt as required by 15 U.S.C. §1692g.

20. That on or about January 8, 2009, Plaintiff wrote Defendant a cease and desist letter, requesting further communications regarding the subject debt to stop.

21. That on or about January 12, 2009, Defendant GC received the abovementioned letter via certified mail.

22. That despite receipt of a cease and desist letter Defendant continued to call Plaintiff in an attempt to collect on the subject debt.

23. That as a result of Defendant's acts Plaintiff Vincent Cordovano became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1) by continuing to call Plaintiff after being informed such communication is inconvenient to Plaintiff.

    B. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff after receiving notification in writing by Plaintiff to cease further communication.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer when stating if payment cannot be arranged on the subject debt, the matter would be turned over for legal action.

    D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs telephone to ring with the intent to annoy, abuse and harass.

    E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating if payment cannot be arranged on the subject debt, the matter would be turned over for legal action.

    F. Defendant violated 15 U.S.C. §1692g by failing to provide Plaintiff with notice of the subject debt.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Vincent Cordovano became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Vincent Cordovano demands trial by jury in this action.

Dated: February 23, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Vincent Cordovano affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: February 23, 2009     /s/Vincent Cordovano
                             Vincent Cordovano